**Eileen A. WEAVER, Plaintiff,**

v.

**UNITED PARCEL SERVICE, INC. and Teamsters Local Union No. 355, Defendants.**

**No. CIV.A.02–1401 JJF.**

United States District Court, D. Delaware.

March 2, 2004.

William D. Fletcher, Jr., Esquire and Noel E. Primos, Esquire of Schmittinger and Rodriguez, P.A., Dover, DE, for Plaintiff.

Richard G. Elliot, Jr., Esquire and Jennifer C. Bebko Jauffret, Esquire of Richards, Layton & Finger, P.A., Wilmington, DE, Of Counsel: Emmett F. McGee, Jr., Esquire and Brooks R. Amiot, Esquire of Piper Marbury Rudnick & Wolfe L.L.P., Baltimore, MD, for Defendant, United Parcel Service, Inc.

Roger A. Akin, Esquire of Akin & Herron, P.A., Wilmington, DE, Of Counsel: H. Victoria Hedian, Esquire of Abato, Rubenstein and Abato, P.A., Baltimore, MD, for Defendant Teamsters Local Union No. 355.

### *MEMORANDUM OPINION*

FARNAN, District Judge.

Presently before the Court is Defendant United Parcel Service Inc.'s ("UPS") Motion For Summary Judgment. (D.I.94.)

For the reasons set forth below, the Court will grant UPS's Motion.

## BACKGROUND

Plaintiff Eileen A. Weaver is an employee of UPS in Harrington, Delaware. The terms and conditions of the relations between UPS and its employees are governed by a collective bargaining agreement (the "Collective Bargaining Agreement"). In August of 2000, Plaintiff was injured while loading and unloading packages. Due to her injury and pursuant to the Temporary Alternative Work program in the Collective Bargaining Agreement (the "TAW"), UPS allowed Plaintiff to perform light-duty work for thirty days. Following the expiration of this thirty-day period, Plaintiff's treating physician qualified her to stand, sit, walk, or drive for five to eight hours in an eight hour work day. (D.I. 104 at B26.) However, Plaintiff's treating physician did not believe that Plaintiff was physically capable of resuming her duties as a package driver, which included heavy lifting, climbing, and continuous driving. *Id.* Based on these lingering physical limitations, Plaintiff sought reassignment to a car wash position under Article 20, Section 4 of the Collective Bargaining Agreement.

Article 20, Section 4 provides, "a driver who is judged medically unqualified to drive, but is considered physically fit and qualified to perform other inside jobs, will be afforded the opportunity to displace the least senior full-time or part-time inside employee at such work until he/she can return to his/her driving job." (D.I. 99 at A48.) Pursuant to Article 20, Section 4, Plaintiff sought to displace, or "bump," incumbent employee Sean O'Toole from his car wash position. Following discussions with the local union, UPS management concluded that Article 20, Section 4 did not entitle Plaintiff to "bump" Mr. O'Toole from his position. UPS stated

that Article 20, Section 4 of the Collective Bargaining Agreement only applies to employee drivers who fail Department of Transportation physicals because of conditions that would cause a driver to be medically unqualified to drive, such as diabetes, eyesight failure, or heart disease, and not to individuals like Plaintiff who are temporarily unable to drive. *Id.* at A6. UPS told Plaintiff that the TAW is the exclusive alternative work assignment provision for temporarily injured drivers. Unsatisfied with UPS's interpretation of Article 20, Section 4, Plaintiff filed a grievance under the Collective Bargaining Agreement.

At the initial grievance hearing, UPS management concluded that Plaintiff was not entitled to "bump" Mr. O'Toole from his car wash position under Article 20, Section 4. Plaintiff filed an appeal pursuant to the Collective Bargaining Agreement for an arbitral hearing before the Atlantic Area Parcel Grievance Committee (the "Grievance Committee"). By submitting the grievance for resolution by the Grievance Committee, the parties agreed that a majority decision of the Grievance Committee would be "final, conclusive and binding with no appeal[.]" (D.I. 96 at Ex. N.) Following briefing and oral arguments, the Grievance Committee concurred with UPS's interpretation of Article 20, Section 4, concluding that "[b]ased on the facts presented in this particular case, Article 20 Section 4 does not apply to [Plaintiff's] claim." *Id.* Thereafter, Plaintiff filed the instant lawsuit alleging that UPS discriminated against her on the basis of gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*[1]

## I. Parties' Contentions

UPS contends that it is entitled to summary judgment because Plaintiff cannot establish a prima facie case of discrimination. Specifically, UPS contends that Plaintiff cannot provide evidence sufficient to establish that she is qualified for the car wash position or that she was treated differently than other similarly situated employees. Further, UPS contends that it has given a legitimate non-discriminatory reason for its actions and that Plaintiff does not have evidence of pretext sufficient to prevent the entry of summary judgment.

In response, Plaintiff contends that she was qualified for the car wash position. Plaintiff also contends that the facts in the instant lawsuit give rise to an inference of unlawful discrimination. Specifically, Plaintiff contends that disparate treatment by UPS of similarly situated male employees gives rise to such inference. In addition, Plaintiff contends that she has provided evidence rebutting, as pretextual, UPS's non-discriminatory reasons for its actions. Plaintiff maintains that her physician's statements that she was medically unqualified to drive and the circumstances surrounding UPS's favorable treatment of four male employees demonstrates that the non-discriminatory reasons put forward by UPS are pretextual.

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In determining whether there is a triable dis-

---

**1.** In her papers, Plaintiff requests the Court to    withdraw her ADA claim.

pute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir.1976). However, a court should not make credibility determinations or weigh the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Thus, to properly consider all of the evidence without making credibility determinations or weighing the evidence the "court should give credence to the evidence favoring the [non-movant] as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

To defeat a motion for summary judgment, Rule 56(c) requires the non-moving party to:

> do more than simply show that there is some metaphysical doubt as to the material facts.... In the language of the Rule, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is "no genuine issue for trial."

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed.R.Civ.P. 56). Accordingly, a mere scintilla of evidence in support of the non-moving party is insufficient for a court to deny summary judgment. *Liberty Lobby, Inc.,* 477 U.S. at 252, 106 S.Ct. 2505 (1986).

## DISCUSSION

In Title VII sex discrimination actions, courts apply the *McDonnell Douglas* bur-

den shifting analysis. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under *McDonnell Douglas,* a plaintiff has the initial burden to establish a prima facie case of discrimination. *Id.* at 802, 93 S.Ct. 1817. Once a plaintiff succeeds in establishing his or her prima facie case, the burden shifts to the defendant employer to proffer some legitimate non-discriminatory rationale for his or her action. *Id.* If the employer provides the court with a non-discriminatory rationale for his or her employment decision, the burden again shifts to the plaintiff to demonstrate, by a preponderance of the evidence, that the employer's rationale is pretextual. *Id.* at 804, 93 S.Ct. 1817.

The Third Circuit has recognized that the elements of the prima facie case will vary from case to case because of differing fact scenarios. *Pivirotto v. Innovative Systems, Inc.,* 191 F.3d 344, 352 (3d Cir. 1999) (citing *McDonnell Douglas,* 411 U.S. at 802 n. 13, 93 S.Ct. 1817). In the instant action, to establish her prima facie case of discrimination, Plaintiff must provide evidence that she: 1) is a member of a protected class; 2) is qualified for the sought after position; 3) suffered adverse employment action; and 4) similarly situated non-members of the protected class were treated more favorably than her. Because the Court concludes that Plaintiff has not established that she was qualified for the car wash position due to the interpretation by the Grievance Committee of Article 20, Section 4 of the Collective Bargaining Agreement, the Court will grant UPS summary judgment on Plaintiff's Title VII claim.

A. *Plaintiff Has Not Established That She Was Qualified For The Car Wash Position*

■ Plaintiff contends that Article 20, Section 4 is not relevant to the determina-

tion of whether she was qualified for the car wash position[2] because other male UPS employees were not required to apply for alternative job positions pursuant to this provision of the Collective Bargaining Agreement.

Although Plaintiff is correct that UPS permitted Raymond Melvin, Daniel Lebright, Steven Davis, and Rick Smarte, male employees, to assume alternative work positions without resort to Article 20, Section 4, Plaintiff's request for an alternative work assignment required her to qualify under this section because, at the time Plaintiff requested reassignment, the position she sought was filled by Mr. O'Toole, another UPS employee. Therefore, in order to obtain reassignment to the car wash position, Plaintiff had to "bump" Mr. O'Toole pursuant to the provisions of Article 20, Section 4.[3] As noted above, Article 20, Section 4, in certain circumstances, permits a driver "to displace the least senior full-time or part-time inside employee at such work until he/she can return to his/her driving job." (D.I. 99 at A48.) However, contrary to Plaintiff's suggested interpretation of Article 20, Section 4, the Grievance Committee concluded that Plaintiff's medical condition did not entitle her to "bump" Mr. Toole. (D.I. 96; Ex. N.)

Plaintiff argues that the Court should not accept the Grievance Committee's interpretation and conclude that she was qualified for the car wash position under Article 20, Section 4. In the circumstances of this case, the Court must accept the Grievance Committee's decision. Plaintiff, by submitting her grievance to the Grievance Committee, contractually "agree[d] that a majority decision of the [Grievance Committee] ... will be *final, conclusive and binding with no appeal* [.]" (D.I. 96 at Ex. N) (emphasis added). Accordingly, the Court concludes that Plaintiff is bound by the Grievance Committee's interpretation that "Article 20 Section 4 does not apply to [her] claim[,]" *id.*, and thus, may not now challenge the Grievance Committee's interpretation.

In sum, the Court concludes that Plaintiff has failed to establish the second element of a prima facie case of discrimination. Pursuant to the Grievance Committee's binding interpretation of Article 20, Section 4 of the Collective Bargaining Agreement, the Court concludes that Plaintiff was not entitled to "bump" Mr. O'Toole from his position. Accordingly, the Court will grant UPS summary judgment on Plaintiff's Title VII claim.

An appropriate Order will be entered.[4]

2. Although the Court would deny summary judgment on the issue of whether Plaintiff was physically unqualified for the car wash position because of underlying factual disputes, the Court has no similar reservation regarding Plaintiff's qualifications for the car wash position under Article 20, Section 4 of the Collective Bargaining Agreement. This is a question of unambiguous contract interpretation, and therefore, is ripe for disposition on summary judgment. *Arnold M. Diamond, Inc. v. Gulf Coast Trailing Co.*, 180 F.3d 518, 521 (3d Cir.1999); *Tamarind Resort Assoc. v. Government of Virgin Islands*, 138 F.3d 107, 110 (3d Cir.1998).

3. Plaintiff does not contend that any other provision of the Collective Bargaining Agree-

ment permits an employee to "bump" another employee from his or her current position.

4. Although the Court has not addressed, in the body of this Memorandum Opinion, UPS's contention that Plaintiff has not provided evidence of similarly situated male employees, the Court concludes that Plaintiff has failed to establish the fourth prong of a prima facie case. Because the comparators identified by Plaintiff were supervised by different managers and did not seek to bump other UPS employees pursuant to Article 20, Section 4, the Court concludes that Plaintiff has failed to identify male "individuals [who] 'have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the em-

### ORDER

At Wilmington, this 2nd day of March, 2004, for the reasons discussed in the Memorandum Opinion issued this date;

NOW THEREFORE, IT IS HEREBY ORDERED that:

1) Count II of Plaintiff's Complaint, Americans With Disabilities Act, is **DISMISSED** as withdrawn;

2) United Parcel Service Inc.'s Motion For Summary Judgment (D.I.94) on Count I of Plaintiff's Complaint, Title VII, is **GRANTED**.

### JUDGMENT IN A CIVIL CASE

For the reasons set forth in the Court's Memorandum Opinion and Order dated March 2, 2004;

IT IS ORDERED AND ADJUDGED that judgment be and is hereby entered in favor of Defendant United Parcel Service, Inc. (D.I.94.)

ployer's treatment of them for it.' " *Miller v. Delaware Dep't of Probation & Parole,* 158 F.Supp.2d 406, 411 (D.Del.2001) (quoting *Anderson v. Haverford College,* 868 F.Supp. 741, 745 (E.D.Pa.1994) (citations omitted)).